IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ORLY TAITZ, | ) | CIVIL NO. 13-00708 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE WHY |
| | ) | ACTION SHOULD NOT BE |
| vs. | ) | DISMISSED |
| | ) | |
| HAWAIIAN MEMORIAL PARK MORTUARY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

On December 20, 2013, Plaintiff Orly Taitz, Esq., proceeding <u>pro se</u>, initiated this action.  Taitz, a resident of California, sues Hawaiian Memorial Park Mortuary, seeking an emergency injunction with respect to the burial or cremation of Loretta Fuddy.  Other than allegations concerning other lawsuits in which Taitz has sued Fuddy, Taitz fails to allege any facts explaining why Taitz wants to enjoin the burial or cremation of Fuddy.

Taitz appears to be relying on a single document to serve as both the Complaint that commences this action and her motion for injunctive relief.  On December 20, 2013, the day the document was filed, the court denied Tatiz's request for emergency injunctive relief via a minute order.  The present order amplifies that minute order.  The court appears to lack jurisdiction over this matter.  The request for emergency injunctive relief has accordingly been denied.  <u>See</u> <u>Sierra Forest</u>

Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("[P]laintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."); G. v. Haw. Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009) (noting that the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.

"[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." D'Lil v. Best W. Encina Lodge & Suites, 538 F.d3 1031, 1035 (9th Cir. 2008) (quotation marks, citation, and alterations omitted).  Taitz is therefore ordered to show cause why the complaint should not be dismissed for lack of jurisdiction.  Taitz is silent as to the citizenship of Defendant, which appears to be a private entity, although Taitz states that this action is brought pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332.  Even if Defendant and Taitz are citizens of different jurisdictions, subject matter jurisdiction appears to be lacking because Taitz seeks only an injunction, not money damages.  Taitz is ordered to show cause why the action should not be dismissed for failure to allege the requisite amount in controversy for purposes of § 1332.

Taitz is also ordered to show cause why the action should not be dismissed for lack of standing, as nothing she alleges suggests that she has been personally harmed.  See San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).  It cannot be the case that anyone curious about someone's cause of death may, in the absence of a cognizable connection to the deceased or a law enforcement justification, delay the deceased's burial or cremation.

Taitz may respond to this order to show cause in writing no later than January 10, 2014.  If the court receives no response by the deadline, the case will be automatically dismissed.  Taitz may, of course, "moot out" this order to show cause by voluntarily dismissing the Complaint.

If the court dismisses this action for lack of jurisdiction, no further order regarding the motion seeking injunctive relief will issue.

The Clerk of Court is directed to send a copy of this Order to Hawaiian Memorial Park Mortuary, 45-425 Kamehameha Highway, Kaneohe, HI 96744.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 23, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Orly Taitz v. Hawaiian Memorial Park Mortuary, Civil No. 13-00708 SOM/KSC, ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED